IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**CAROL WILLIAMS**,

      **Plaintiff,**

v.                                          CIV No. 03-0265 LH/RLP

**JENNIFER RIDGEWAY,
D.D.S., INC.,**

      **Defendant.**


**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      **THIS MATTER** comes before the Court for its *sua sponte* evaluation of subject matter jurisdiction. The Court, having considered the Complaint for Malpractice, Breach of Contract and Discrimination, concludes that this Court is without subject matter jurisdiction over this case and that it must be dismissed without prejudice.

**I. Allegations of the Complaint**

      Plaintiff's complaint contains the following allegations: Defendant, a dentist, gave Plaintiff a "second opinion", and recommended a less intrusive treatment than her original dentist had recommended. Plaintiff allowed Defendant to begin treatment immediately. Defendant referred Plaintiff to another dentist for the extraction of several teeth. While under anesthesia, Plaintiff alleges she suffered mental and emotional injury. She further alleges that neither the extracting dentist nor

1

the Defendant notified the Board of Dental Health Care of Plaintiff's reactions to the anesthesia in violation of New Mexico law.   Plaintiff contends she was abandoned by both dentists after this incident. Paragraph 10 of the complaint mentions that Defendant's treatment of her "distinguish[ed] her on account of her race in the sale of dental services" and deprived her of full and equal access of the services offered by Defendants.

Plaintiff claims that the actions of both dentists constitute gross incompetence and unprofessional conduct, citing N.M.STAT.ANN. §§ 61-5A-1 to 61-5A-29 (MICHIE 1999) and N.M.STAT.ANN § 28-1-7(F)(MICHIE 2000) and 42 U.S.C. §2000a.

## II.  Subject Matter Jurisdiction

Defendant correctly states that this Court lacks subject matter jurisdiction over Plaintiff's claims.  (Def. Am. Ans. ¶ 9).  This Court lacks both diversity and federal question jurisdiction over this matter.  Plaintiff makes no allegations that would support diversity jurisdiction and Plaintiff's mere mention of a federal statute, 42 U.S.C. §2000a, does not confer federal question jurisdiction.

Furthermore, if the state in which the alleged act occurred has a statutory provision prohibiting discrimination in place of public accommodation, a plaintiff is required under 42 U.S.C. § 2003a-3(c) to exhaust state administrative remedies before proceeding in federal court.  *White v. Denny's Inc.,* 918 F.Supp. 1418, 1423 (1996); *Halton v. Great Clips, Inc.,* 94 F.Supp.2d 856, 861 (citing *Watson v. Fraternal Order of Eagles,* 915 F.2d 235, 242 (6th Cir. 1990)).  New Mexico has such a statute, N.M.STAT.ANN § 28-1-7(F)(MICHIE 2000).  Plaintiff has not alleged that she filed a claim regarding any disparate treatment with the New Mexico Human Rights Commission.  She does not allege that she has exhausted her state remedies; thus she has failed to fulfill the jurisdictional

prerequisite before bringing a claim under 42 U.S.C. §2000a and this case must be dismissed. *See Harris v. Ericson*, 457 F.2d 765 (10th Cir. 1972)(affirming district court dismissal of case based on the fact that the complaint failed to affirmatively allege that Plaintiff had given notice to the New Mexico Human Rights Commission of alleged discrimination before commencement of his action in federal court).

**WHEREFORE**, this case is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**